J-S54020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS ZAYAS CINTRON | |
| Appellant | No. 3189 EDA 2014 |

Appeal from the PCRA Order October 24, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001712-2010

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 13, 2015**

Appellant, Luis Zayas Cintron, appeals *pro se* from the order dismissing his *pro se*, first petition pursuant to the Post Conviction Relief Act ("PCRA").  As we conclude that the PCRA court erroneously permitted appointed counsel to withdraw his appearance, we vacate and remand for further proceedings.

Cintron was charged with various crimes arising from allegations that he had shot his landlord, Francisco Idrovo, in an apparent murder for hire plot.  After a jury convicted him of attempted homicide, two counts of aggravated assault, two counts of simple assault, two counts of possessing instruments of crime, recklessly endangering another person and terroristic

---

[*] Former Justice specially assigned to the Superior Court.

threats, the trial court sentenced Cintron to an aggregate term of imprisonment of 280 months to 600 months. This Court affirmed the judgment of sentence, and on September 5, 2013, the Supreme Court of Pennsylvania denied Cintron's petition for allowance of appeal.

On March 26, 2014, Cintron filed the instant *pro se* petition, raising multiple issues. Shortly thereafter, the PCRA court appointed Robert Brendza, Esq., to represent Cintron throughout the PCRA proceedings. According to documents subsequently filed by Cintron, a conflict arose several months later. Cintron demanded to see any amended PCRA petition before it was filed, but Attorney Brendza refused, asserting that Cintron had no such right. **See** Motion for Removal of Court-Appointed Counsel, filed 9/16/14, at Exhibits A, B.

Shortly thereafter, on August 29, Attorney Brendza filed a petition to withdraw as counsel, and attached a copy of his "no-merit" letter to Cintron. Cintron responded by filing multiple documents, including the aforementioned Motion for Removal of Court-Appointed Counsel. The PCRA court denied Cintron's motion for removal of counsel on September 16.

On October 1, Cintron mailed a response to Attorney Brendza's "no-merit" letter to the PCRA court. Cintron appended several letters he had sent to Attorney Brendza, prior to his petition to withdraw, detailing issues that Cintron wished to raise. On the next day, the PCRA court dismissed Cintron's letter, stating that the letter constituted an *ex parte*, *pro se*

communication with the court while Attorney Brendza still represented Cintron. **See** Order, 10/2/14, at fn. 1.

Concurrently, the PCRA court filed a notice of intent to dismiss Cintron's PCRA petition without a hearing, and noted its intent to grant counsel's petition to withdraw. **See** Notice of Intent to Dismiss, 10/2/14 at 1. In its notice, the PCRA court noted that it could not address Cintron's claim that trial counsel had been ineffective in failing to impeach Idrovo's testimony with his contradictory testimony at the preliminary hearing due to *Cintron's* failure to file a certified copy of the preliminary hearing transcript. **See id**., at fn.1, p. 11.

Cintron responded to the notice with *pro se* objections. Among other issues, Cintron alleged that Attorney Brendza had been ineffective in failing to file certified copies of court records and trial transcripts. Specifically, Cintron identified Attorney Brendza's failure to file certified transcripts of the preliminary hearing. **See** Petitioner's Objections to Notice of Intent to Dismiss, 10/21/14, at 3-4 (pages in original unnumbered).

Shortly thereafter, the PCRA court entered an order dismissing Cintron's PCRA petition, and granting Attorney Brendza's petition to withdraw. In particular, the PCRA court held that Cintron's allegations of Attorney Brendza's ineffectiveness were "not ripe," and "procedurally improper," and therefore refused to consider any claim of Attorney Brendza's ineffectiveness. This timely appeal followed.

On appeal, Cintron raises multiple issues for our review. However, we need not address any save Cintron's claim that the PCRA court erred in permitting Attorney Brendza to withdraw.[1] As we conclude that neither Attorney Brendza nor the PCRA court fulfilled the legal requirements for ending Cintron's right to counsel, we will vacate the order dismissing Cintron's petition and remand for appointment of counsel and further proceedings.

The Rules of Criminal Procedure clearly bestow a right to counsel for a petitioner's first PCRA petition. **See** Pa.R.Crim.P. 904(C); **see also Commonwealth v. Smith**, 818 A.2d 494 (Pa. 2003); **Commonwealth v. Guthrie**, 749 A.2d 502, 504 (Pa. Super. 2000); **Commonwealth v. Kaufmann**, 592 A.2d 691, 696 (Pa. Super. 1991). After being appointed to represent a first-time petitioner, counsel may only withdraw after following specific procedures. Our Supreme Court has summarized the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions as follows.

> Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;

---

[1] Cintron presents this argument couched in terms of Attorney Brendza's ineffectiveness in filing the "no-merit" letter.

- 4 -

2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (citations omitted). Additionally, this Court has added a requirement

that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed pro se or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011) (emphasis omitted; citation omitted).

Here, Attorney Brendza filed a copy of his "no-merit" letter and served it upon Cintron. In his letter, Attorney Brendza identifies, but does not address, Cintron's claim that trial counsel was ineffective for failing to impeach Idrovo with his testimony at the preliminary hearing. *See* "No-Merit" Letter, 8/29/14, at 5-6. This claim was included in Cintron's *pro se* PCRA petition. *See* Petition, 3/26/14, at additional page 28. As such, Attorney Brendza clearly failed to satisfy the dictates of *Pitts*.

This error was compounded by Attorney Brendza's failure to file certified transcripts of the preliminary hearing. As noted above, the PCRA court refused to address the issue in its order dismissing Cintron's petition due to the absence of the transcript. Thus, the PCRA court did not reach this claim in its independent review of the record.

The PCRA court further compounded the error in failing to address Cintron's claim of Attorney Brendza's ineffectiveness in response to Cintron's objections to the notice to dismiss. As the PCRA court now recognizes in its opinion on appeal, Cintron properly preserved and raised this claim in his timely objections to the PCRA court's notice of intent to dismiss. *See* ***Commonwealth v. Rykard***, 55 A.3d 1177, 1186 (Pa. Super. 2012). Having acknowledged that error, the PCRA court proceeds to address Cintron's claim that Attorney Brendza had been ineffective in failing to file the transcript as follows.

> In support of his PCRA claims, defendant relies on the victim's preliminary hearing testimony. However, the alleged testimony is not part of the record in this case. We stress that Defendant is under no obligation to provide the Court with a copy of the preliminary hearing testimony. However, Defendant's preliminary hearing occurred in a Magisterial District Court which is not a court of record. As such, Defendant's preliminary hearing may not have been recorded, and even if recorded, would not have been transcribed absent an affirmative request by either the Commonwealth or Defendant. PCRA counsel was not counsel of record at the time of the preliminary hearing. Because only Defendant cites to the victim's preliminary hearing testimony, we merely indicated in our Notice to Dismiss that it was his obligation to supply the Court with a certified transcript of the proceeding, if one existed. See Notice to Dismiss, 10/2/14, at 11. The record in this case does not contain a

transcript of Defendant's preliminary hearing. Accordingly, Defendant's argument cannot form a successful basis on appeal.

Opinion on appeal, 2/9/15, at 4.

The PCRA court's reasoning is troubling; it essentially required Cintron to have submitted a *pro se* filing at a time that the PCRA court was rejecting his *pro se* filings on account of Attorney Brendza's continuing duty to represent Cintron. However, we need not address the issue, as we conclude that the PCRA court's opinion is not an accurate description of the record.

Contrary to the PCRA court's assertion, Cintron was not the only party to cite to the preliminary hearing transcripts. Attorney Brendza's "no-merit" letter contains a pin-point cite to the preliminary hearing transcript. ***See*** "No-Merit" Letter, 8/29/14, at 6. As we must presume that Attorney Brendza was following the ethical dictates of the profession, we must conclude that he at the very least had access to a copy of the transcript. Thus, contrary to the PCRA court's discussion quoted above, it was apparent before the PCRA court filed its notice to dismiss that: (a) the preliminary hearing had been recorded; (b) that the recording had been transcribed; and (c) that Attorney Brendza had cited to a transcript of the preliminary hearing in a court document.

Under these circumstances, we conclude that the PCRA court erred in permitting Attorney Brendza to withdraw, as neither Attorney Brendza, nor the PCRA court, has addressed the merit of Cintron's claim that trial counsel

was ineffective in failing to impeach Idrovo with his preliminary hearing testimony.[2]

Nor are we convinced that this error was harmless. Cintron contends that Idrovo's testimony that this was a murder-for-hire plot was integral to the Commonwealth's contention that Cintron intended to murder Idrovo. At trial, Idrovo testified that Cintron had locked him in the apartment, asked him to sit down at a table, drew a gun, and then informed Idrovo that he was hired by Idrovo's ex-wife and her boyfried to kill Idrovo. **See** N.T., Trial, 6/21/11, at 73, 79. Idrovo testified that Cintron pulled the gun from the front of his waistband. **See id**., at 75.

Officer Stacey Harper testified that the table in Cintron's apartment was white. **See id**., at 155. However, at the preliminary hearing, Idrovo testified that he saw Cintron pull the gun from his waistband through the glass table. **See** N.T., Preliminary Hearing, 5/7/10, at 19.

In its closing argument, the Commonwealth argued that Idrovo's testimony of the interaction in Cintron's apartment constituted evidence of a specific intent to kill. **See** N.T., Closings and Jury Charge, 6/23/11, at 37. Thus, Idrovo's credibility is tremendously important to the Commonwealth's assertion that Cintron intended to kill Idrovo. While the discrepancy

_____

[2] A certified copy of the preliminary hearing transcript was subsequently made a part of the certified record on appeal due to the Commonwealth's efforts.

between Idrovo's testimony at the preliminary hearing and Officer Harper's testimony at trial might be considered minimal, we note that the defense had mounted a consistent attack on Idrovo's credibility at trial. Given these circumstances, we refuse to address the issue of prejudice as a matter of first impression on appeal. Cintron is entitled to have counsel review the issue and either advocate it or discuss its lack of merit in an appropriate "no-merit" letter. Furthermore, Cintron is entitled to have the PCRA court conduct an independent review of this issue, with the benefit of the appropriate transcripts, *after* counsel has reviewed and addressed the issue. Assuming a subsequent appeal, our well-established duty would be to review the PCRA court's decision for an error of law or an abuse of discretion.

Given the issues with Attorney Brendza's failure to file a copy of the preliminary hearing transcript after citing it in his "no-merit" letter, we remand for appointment of new counsel to represent Cintron. We do not limit the scope of counsel's representation; new counsel is to review the record and Cintron's allegations and determine the best course forward. New counsel is free to adopt Attorney Brendza's reasoning on the issues he did address, if, after an independent review, counsel concludes that it is appropriate to do so. In any event, new counsel must address, in the first instance, Cintron's claim that trial counsel was ineffective in failing to impeach Idrovo's credibility through the use of the preliminary hearing transcripts.

Order vacated. Case remanded for appointment of new counsel and further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2015